Eastern District of Kentucky
F I L E D
AUG 2 5 2005
AT LONDON
LESLIE G. WHITMER
CLERK U S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-419-KKC

ANTON JOHNSON     PETITIONER

VS:     **MEMORANDUM OPINION AND ORDER**

CHARLES E. SAMUELS, JR., *Warden*     RESPONDENT

Anton Johnson, an individual currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), has filed a *pro se* petition for writ of habeas corpus [Record No. 1]. He has paid the $5.00 filing fee [Record No. 3].

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The petitioner claims that in August, 2004, the United States Parole Commission ("USPC") violated his Fourteenth Amendment rights by denying him the right to confront adverse witnesses during a parole revocation hearing. To the extent that the USPC is an arm of the federal government,

the Fifth Amendment of the United States Constitution, not the Fourteenth Amendment, would apply to the petitioner's claim.[1] To the extent that the petitioner alleges that he was denied the right to confront an adverse witness, such a claim would implicate the Sixth Amendment of United States Constitution. The petitioner further alleges that the USPC violated his due process rights by making a finding based upon hearsay testimony.

## ALLEGATIONS OF THE PETITION

The following is a summary of the allegations contained in the instant §2241 petition. The petitioner states that after his "mandatory release from prison," he developed a relationship with JoAnne Bragg, whom he identified as his employer at the half-way house where he was confined.[2] The petitioner states that eventually he and Bragg married. The petitioner states that he and Bragg experienced domestic problems and that he began living with another woman named Shirley Cunningham. Petitioner alleges that Bragg threatened to "get him" if he did not leave Ms. Cunningham and return to her.

The petitioner was charged with a sexual crime against Bragg's eight-year-old grandchild. The petitioner alleges that JoAnne Bragg was instrumental in the sex charges being brought against him. Petitioner claims that he was charged in retaliation for the fact that he (petitioner) had left Bragg and had chosen to live with another woman. Petitioner states that as result of entering an Alford Plea to the assault charge involving the child, the USPC conducted a parole revocation hearing on August 25, 2004.

---

[1] The Fourteenth Amendment guarantees due process of law applies to state, not federal, actors.

[2] The petitioner did not identify the crime of which he had been convicted.

2

The petitioner complains that because the USPC refused to require the eight-year-old to testify against the petitioner, he was denied his constitutional right to confront an adverse witness. He states that the USPC relied solely on the hearsay testimony of the eight-year-old's mother, Latonia Proctor, who was the only witness to testify against the petitioner. The USPC did not require the child to testify, stating that it found Proctor's testimony to be credible. The petitioner states that he wanted Bragg to appear in order to cross-examine her; that he subpoenaed Bragg but that she failed to appear. He alleges that the USPC improperly excused Bragg.

According to the petitioner, the USPC hearing officer concluded that the petitioner had committed a "Category 6" assault and recommended incarceration for a term of 72 months. On September 22, 2004, the USPC issued a "Notice of Action" and revoked the petitioner's parole. The petitioner makes no reference to having administratively exhausted his claims that his constitutional rights were violated during the parole revocation hearing.

## NAMED RESPONDENT

The petitioner has named Charles E. Samuels, the warden of FCI-Manchester, as the respondent in this proceeding.

## RELIEF REQUESTED

The petitioner seeks release from federal custody.

## DISCUSSION

Insofar as the petitioner has received an adverse federal parole determination, he may bring a habeas corpus proceeding only after he has availed himself of the available administrative procedures for review of that decision. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam); *see Talerico v. Warden, U.S. Penitentiary*, 391 F.Supp. 193 (M.D. Penn. 1975). The administrative remedy available to a parolee or prisoner who wants to appeal a decision regarding

3

his parole is contained in 28 C.F.R. §2.26. Such an appeal must be filed within thirty (30) days of the date of entry of such decision that is the subject of the appeal. *Id.*

Specifically, §2.26 provides that "[a] prisoner or parolee may submit to the National Appeals Board a written appeal of any decision to grant . . ., rescind, deny or revoke parole . . . ." *See also Edwards v. Parker*, 52 F.3d 325, 1995 WL 222184, 2 (6th Cir.(Ky.) April 13, 1995) (". . . the district court properly found that Edwards had failed to exhaust his available administrative remedies before filing a §2241 suit. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir.1991); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). The United States Parole Commission has specific regulations which require exhaustion, *see* 28 C.F.R. §2.26 (1992), and it is apparent from the record that the Commission was still considering a parole revocation hearing for Edwards at the time this §2241 petition was filed."); *Stanko v. Story*, 928 F.2d 1133, 1991 WL 42251, **2 (6th Cir. (Ky.) March 28, 1991) ("Stanko must appeal the formal decision denying his parole to the National Appeals Board before he can obtain habeas relief in federal court. *See* 18 U.S.C. §4215.").

The Court must dismiss without prejudice the instant §2241 petition, because it does not appear the petitioner has exhausted the applicable administrative remedies. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991); *Collins v. United States Parole Commission*, 67 F.3d 299, 1995 WL 592034 (6th Cir (Tenn.) October 5. 1995). If the petitioner can demonstrate that he pursued the appropriate administrative remedies as set forth in 28 C.F.R. §2.26 (a)(2) in a timely fashion, he may file a new §2241 habeas corpus petition.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) This action will be **DISMISSED WITHOUT PREJUDICE,** *sua sponte,* from the docket of the Court.

4

(2)  Judgment shall be entered contemporaneously with this **Memorandum Opinion and Order** in favor of the Respondent.

This the 25th day of August, 2005.

Signed By:
*Karen K. Caldwell*
**United States District Judge**