NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-419-KKC

ANTON JOHNSON                                                                                           PETITIONER

VS:                                **MEMORANDUM OPINION AND ORDER**

CHARLES E. SAMUELS, JR., *Warden*                                                      RESPONDENT

Anton Johnson, who is confined at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), filed a habeas corpus proceeding under 28 U.S.C. §2241. He named Charles E. Samuels, the warden of FCI-Manchester, as the respondent.

PROCEDURAL HISTORY

The petitioner alleged that on August 25, 2004, during a parole revocation hearing, the United States Parole Commission ("USPC") violated his due process rights by: (1) refusing to call two adverse witnesses whom he had subpoenaed to testify (JoAnne Bragg and a minor child, A. P.), thus denying him the right to confront these two adverse witnesses; and (2) relying on hearsay testimony from witness Latonia Proctor, the mother of A.P. The USPC revoked the petitioner's parole after determining that he had committed a sexual offense against A.P. while on parole.

After screening the *pro se* petition pursuant to 28 U.S.C. §2243, the Court determined that the petitioner had failed to exhaust his administrative remedies. Specifically, the Court determined that the petitioner had failed to file an appeal of the USPC's decision with the National Appeals

Board, as required by 28 U.S.C. §2.26.[1]  On August 25, 2005, the Court entered a Memorandum Opinion and Order  [Record No. 4] and Judgment [Record No. 5] dismissing the petition without prejudice to the petitioner exhausting his administrative remedies.

On September 2, 2005, the petitioner filed a "Motion for Reconsideration" [Record No. 6], which the Court construes as a "Motion to Alter or Amend Judgment" under Fed.R.Civ.P. 59(e). The petitioner attached to his motion the written "Notice of Action" from the USPC dated September 22, 2004.  The "Notice of Action" contains the hearing officer's written findings and conclusions from the petitioner's August 25, 2004 parole revocation hearing.  The petitioner points to the fact that the "Notice of Action" states on page two that:  "The above decision is not appealable."  The petitioner's argument is simple:  he argues that in light of the fact that the USPC informed him the decision against him was not appealable, he was *unable* to administratively exhaust his Fifth and Sixth Amendment claims any further.  The petitioner did not provide the Court with the "Notice of Action" when he filed his habeas corpus petition on August 4, 2005.

STANDARD OF REVIEW

Under Rule 59(e), there are three grounds for a court to amend its judgment:  (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing

---

[1] 28 C.F.R. §2.26 provides that "[a] prisoner or parolee may submit to the National Appeals Board a written appeal of any decision to grant . . ., rescind, deny or revoke parole . . . ."

*FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Similar to Rule 60(b), Rule 59(e) motions must either present newly discovered evidence or a clearly established manifest error of law. *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

## DISCUSSION

Fed.R.Civ.P. 59(e) clearly authorizes a court to reject consideration of evidence that was previously available. The petitioner clearly could have, and should have, attached the "Notice of Action" letter to his habeas corpus petition, as it appears to have been "available" to him. In sum, the petitioner omitted an important piece of information which would have assisted the Court in its initial consideration of the petitioner's claims. The attachment of the "Notice of Action" letter would have informed the Court that the USPC had designated its August 25, 2004 decision as non-appealable. However, in light of the fact that the petitioner was in fact precluded from pursuing an administrative appeal through the National Appeals Board level, and in light of the petitioner's *pro se* status, the Court will order that this proceeding be re-opened to a *limited* extent.[2]

The Court further concludes that upon the reopening of this matter, the United States will only be required to respond to one of the petitioner's claims: that the hearing officer refused to require two key witnesses, JoAnne Bragg and A.P., to testify and undergo cross-examination. The petitioner asserts that the USPC hearing officer's failure to require JoAnne Bragg and A.P. to testify violated the due process requirements of *Morrisey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33

---

[2] The Court has found a case which involved somewhat similar facts and which justifies a partial reopening of this proceeding. In *Marsh v. Corrections Corp. of America*, 1997 WL 104106 *2 (D. Kan. February 20, 1997), the district court was required to examine the merits of a petition in which the petitioner challenged the outcome of a USPC hearing, because the USPC designated that its decision was not appealable. "Having examined the record, the court finds petitioner has not failed to exhaust available administrative remedies, as the January 23, 1996, Notice of Action from which he commenced this habeas corpus action advised him the decision of the Parole Commission was not appealable." *Marsh,* 1997 WL 104106 at *2.

3

L. Ed.2d 484 (1972).[3]

When it set out the minimum procedural requirements to be accorded to an individual facing parole revocation, the Supreme Court emphasized that it did not wish to create "an inflexible structure for parole revocation procedures." *Morrissey*, 408 U.S. at 490, 92 S.Ct. at 2604. Rather, the Court stated that the process due at revocation hearings should be "flexible""and that "there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense." *Morrissey*, *Id*. at 489, 92 S.Ct. at 2604. The *Morrissey* right to confrontation is one that must be contoured to "the specific circumstances presented." *United States v. Martin*, 984 F.2d 308, 311 (9th Cir.1993)). The process due a parolee facing parole revocation is derived from "a process of balancing the [parolee's] right to confrontation against the Government's good cause for denying it." *United States v. Simmons*, 812 F.2d 561, 564 (9th Cir.1987)).

With these principles in mind, the Court concludes that the record is insufficiently developed at this time to determine one issue: whether the decision of the USPC hearing officer not to call JoAnne Bragg and A.P. as adverse witnesses, subject to cross-examination, violated the petitioner's rights under the Fifth and Sixth Amendments and the due process requirements of *Morrissey*. The United States is directed to file a response to this specific claim.

The Court will *not* require the United States to respond to the petitioner's Fifth Amendment due process claim and Sixth Amendment confrontation claim that the USPC improperly allowed,

---

[3] A parolee's failure to request the presence of an adverse witness prevents the parolee from claiming that the witness's absence deprived the parolee of due process. *See Kell v. United States Parole Comm'n*, 26 F.3d 1016, 1019-20 (10th Cir.1994). The petitioner states that he subpoenaed both JoAnne Bragg and A.P. to testify as adverse witnesses at the USPC hearing. The petitioner states that he "did not waive his right to confront the adverse witness [A.P.], or adverse witness JoAnne Bragg; rather petitioner emphatically requested their presence." [Petition, p. 5, Record No. 1] He also stated that "*the Commission* refused to subpoena the only adverse witness, [A.P.] the young girl, to the final revocation hearing." [*Id*.] (Emphasis Added).

or relied upon, hearsay testimony from witness Latonia Proctor. The petitioner's challenge to any hearsay testimony is essentially a challenge to the quality of the evidence against him. The challenge is meritless. "[T]he Parole Commission may consider hearsay evidence." *Kell*, 26 F.3d at 1021; *Maddox v. United States Parole Comm'n*, 821 F.2d 997, 1001 (5th Cir.1987); *see also Robinson v. Hadden*, 723 F.2d 59, 62 (10th Cir.1983) (holding that Commission may consider presentence report containing hearsay), *cert. denied*, 466 U.S. 906, 104 S.Ct. 1684, 80 L. Ed.2d 159 (1984). That claim is frivolous and is dismissed with prejudice. 28 U.S.C. §1915(e)(2).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff's "Motion for Reconsideration" [Record No. 6] is **GRANTED**.

(2) This proceeding shall be **REOPENED** for review of only one claim: whether the decision of the USPC hearing officer not to call JoAnne Bragg and A.P. as adverse witnesses, subject to cross-examination, violated the due process requirements of *Morrisey v. Brewer*, 408 U.S. 471 (1972).

(3) The United States will be required to respond only to the issue set forth in the preceding paragraph (2).

(4) The petitioner's Fifth and Sixth Amendment claims relating to the admission of Latonia Proctor's hearsay testimony at his USPC hearing are **DISMISSED WITH PREJUDICE**.

(5) The petitioner shall keep the Clerk of the Court informed of his current mailing address. *Failure to notify the Clerk of any address change may result in a dismissal of this case.*

(6) For every further pleading or other document he wishes to submit for consideration by the Court, the petitioner shall serve upon each respondent, or, if appearance has been entered by

counsel, upon each attorney, a copy of the pleading or other document. The petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each respondent or counsel. *If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.*

This the 12th day of September, 2005.



Signed By:
*Karen K. Caldwell*
United States District Judge