UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-419-KKC

ANTON JOHNSON                                                                                          PETITIONER

VS:                                                        **O R D E R**

CHARLES E. SAMUELS, JR., *Warden*                                                          RESPONDENT

Currently before the Court for consideration is the motion of the *pro se* petitioner, Anton Johnson, to file a new habeas corpus proceeding under 28 U.S.C. §2241 [Record No. 8].

On August 25, 2005, the Court entered a Memorandum Opinion and Order [Record No. 4] and Judgment [Record No. 5] dismissing the petition without prejudice to the petitioner exhausting his administrative remedies. On September 12, 2005, the Court entered a Memorandum Opinion and Order, ordering this proceeding to be reopened and ordering the United States to respond to the one of the issues raised in the petition [Record No. 7]. The reopened issue concerned whether the decision of the United States Parole Commission ("USPC") hearing officer not to call JoAnne Bragg and A.P. as adverse witnesses, subject to cross-examination, violated the petitioner's rights under the Fifth and Sixth Amendments, and the due process requirements of *Morrisey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972).[1]

The petitioner alleges in his current motion that "he believes his issues in his habeas corpus is being re-shaped in a way that will bring bias and prejudice to the petitioner." [Record No. 8, p.

---

[1] In the Court's September 12, 2005 Memorandum Opinion and Order, the Court dismissed as frivolous the petitioner's Fifth Amendment due process claim and Sixth Amendment confrontation claim that the USPC improperly allowed, or relied upon, hearsay testimony from witness Latonia Proctor [Record No. 7, pp 4 -5].

1] He seeks permission to file a new §2241 habeas corpus proceeding.

The Court disagrees with the petitioner's assessment. The petitioner originally failed to provide the Court with documentation indicating that the USPC had informed him that its decision was not appealable. When the petitioner supplied documentation after the fact, the Court, on its own, ordered this proceeding to be reopened. It ordered the United States to respond to one of two due process/confrontation claims which the petitioner raised, concerning the hearing officer's decision not to call two witnesses whom the petitioner claims he wanted to testify.

The Court is, in fact, affording the petitioner all of the due process to which he is entitled. Despite the petitioner's stated dissatisfaction with the law, *Morrisey v. Brewer* governs the parameters of judicial review of administrative hearings.

Accordingly, the Court being otherwise duly and sufficiently advised, **IT IS ORDERED** as follows:

(1) The petitioner's "Motion to File a New §2241 Habeas Corpus Petition" [Record No. 8] is **DENIED**.

(2) The Clerk of the Court is directed to serve a copy of this Order on the Office of the United States Attorney for the Eastern District of Kentucky.

Dated this 7th day of October, 2005.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**